## WAERN v. CARTER.

Court of Appeals of District of Columbia. Submitted March 12, 1928. Decided May 7, 1928.

No. 2036.

1. **Patents ⬅91(3)—Junior party to interference proceeding involving priority must sustain burden of proof by preponderance of evidence.**

Burden of proof in interference proceeding involving priority rests on junior party to sustain his case by preponderance of the evidence.

2. **Patents ⬅91(4)—Senior party held properly awarded priority as to invention relating to pasting machines.**

Senior party *held* properly awarded priority as to invention relating to pasting machines designed to paste sheets of paper on opposite sides of sheets of cardboard.

Appeal from the Commissioner of Patents.

Interference proceeding between Adolph W. Waern and Willis M. Carter. Decision for the latter, and the former appeals. Affirmed.

M. T. Fisher, of Washington, D. C., and G. H. Mitchell and L. J. Doolittle, both of New York City, for appellant.

Daniel L. Morris, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

MARTIN, Chief Justice. · [1] Carter is the senior party, his application having been filed on July 8, 1922. Waern's application was filed on March 23, 1923. While the applications were copending a patent was issued to Carter. It is conceded that the burden of proof rests upon Waern to sustain his case by a preponderance of the evidence.

The invention relates to pasting machines, designed to paste sheets of paper, particularly lithographs, on the opposite sides of sheets of cardboard; such two-sided pasting having the effect of preventing a warping of the cardboard when drying. Suitable pieces of cardboard are fed through pasting rolls, which cover both sides with a coating of paste; they are then carried forward by rolls having their axes diagonal to the direction of travel, whereby the boards are kept moving against a lateral guide. The boards next come to a timing finger, which automatically opens at the proper instant to admit them to large sheet-applying rolls, which press the pasted sheets upon them in proper longitudinal registry or alignment.

26 F.(2d)—36

The timing finger is operated by gears moving in corelation with the sheet-feeding rolls. As the finger releases the card, the rolls grip it for the pressing operation.

The issue is in 19 counts, of which counts 9, 10, and 16 to 19 relate to the mechanism for effecting the lateral registry of the boards when brought to the timing finger; while counts 1 to 8 and 11 to 15 relate to the mechanism for effecting front and rear registry of the boards with the sheets carried by the applying rolls. The Examiner of Interferences awarded priority of invention as to the first class, to wit, counts 9, 10, and 16 to 19, to Carter, and no appeal was taken from that decision. Priority as to the other counts was awarded by the Examiner to Waern. The latter part of the Examiner's decision was appealed, and was reversed by the Examiners in Chief, and their decision was affirmed by the Commissioner of Patents. This appeal accordingly relates to counts 1 to 8 and 11 to 15.

It appears that the W. F. Powers Company was engaged in the lithographic business, but their finishing or mounting was done in outside shops. In the year 1919 they established a company called the Litho Finishing Service, Inc., to take over the latter line of work, and Carter, who was an experienced man in the business, was employed to take entire charge of the new factory. A mounting machine was secured, but it proved unsatisfactory, and the machine here involved was invented to take its place. It is claimed on the one hand that Carter conceived the invention, and that Waern was employed as only a draftsman to produce the working drawings of Carter's invention. On the other hand, it is claimed that the invention was first conceived by Waern. Both parties rely upon the same reduction to practice, and the question accordingly is one of originality.

[2] The opinions written by the tribunals of the Patent Office fully present the evidence according to the opposing standpoints, and we do not think it necessary here to enter into a detailed discussion of the testimony. The Examiners in Chief conclude their opinion with the following statement, to wit:

"To sum up the case, it is our opinion that Carter conceived the invention in issue in the counts under consideration and disclosed it to Powers, Ingham and Bostwick, and possibly others; that Ingham disclosed the main plan with sufficient clearness to Sawtelle and Waern to enable Waern, a skilled machine designer, to make the working draw-

ings; and that such details as were supplied by Waern were ancillary to Carter's main plan and rightfully belong to him. Waern was clearly an employee of the W. F. Powers Company, assignees of Carter, and was paid for his work in designing the machine and making the working drawings."

This statement is quoted and adopted by the Commissioner of Patents in his opinion. Upon a consideration of the entire record, we are convinced that the conclusion thus stated is correct.

The decision of the Commissioner of Patents is therefore affirmed.